# UNITED STATES DISTRICT COURT
# DISTRICT OF VERMONT

| | | |
|---|---|---|
| MARCELLA LANDELL, et al., | ) | **Consolidated as** |
|     Plaintiffs, | ) | **No. 2:99-cv-146** |
| | ) | |
|     v. | ) | (No. 2:99-cv-146) |
| | ) | |
| WILLIAM H. SORRELL, et al., | ) | |
|     Defendants, | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| VERMONT PUBLIC INTEREST RESEARCH GROUP, et al. | ) | |
|     Intervenors-Defendants. | ) | |

------------------------------------------------------------ ------------------)

| | | |
|---|---|---|
| NEIL RANDALL, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | (No. 2:99-cv-234) |
| | ) | |
| WILLIAM H. SORRELL, et al., | ) | |
|     Defendants, | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| VERMONT PUBLIC INTEREST RESEARCH GROUP, et al. | ) | |
|     Intervenors-Defendants. | ) | |

--------------------------------------------------------------------------------)

| | | |
|---|---|---|
| VERMONT STATE REPUBLICAN  COMMITTEE, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | (No. 2:00-cv-0057) |
| | ) | |
| WILLIAM H. SORRELL, et al., | ) | |
|     Defendants, | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| VERMONT PUBLIC INTEREST RESEARCH GROUP, et al. | ) | |
|     Intervenors-Defendants. | ) | |

## FINAL JUDGMENT ORDER

This Court issued an opinion and order in these consolidated cases on August 28, 2000, *Landell v. Sorrell*, 118 F. Supp. 2d 459 (D. Vt. 2000).  Portions of that order were affirmed and reversed by the Court of Appeals for the Second Circuit on October 23, 2002, *Landell v. Sorrell*, 382 F.3d 91 (2d Cir. 2004), and the United States Supreme Court on June 26, 2006, *Randall v. Sorrell*, 126 S. Ct. 2479 (2006).  The case was remanded to this Court for further proceedings.  The parties have jointly requested entry of judgment pursuant to a stipulation as to the terms of the judgment.  Therefore, the Court rules as follows:

1. Act 64's expenditure limits, codified at 17 V.S.A. §2805a(a), are unconstitutional;

2. Act 64's limits on contributions that candidates may accept, codified at 17 V.S.A. §2805(a), are unconstitutional;

3. Act 64's limits on contributions that political committees and political parties may accept, codified at 17 V.S.A. §2805(a), are constitutional;

4. Act 64's definition of state and local parties as one entity pursuant to 17 V.S.A. §2801(5), §2301 through §2320, is constitutional;

5. Act 64's limit on out-of-state funds, codified at 17 V.S.A. §2805(c), is unconstitutional;

6. In light of the rulings on other provisions, the Court expresses no opinion as to the constitutionality of the rebuttable presumption for related expenditures in Act 64, codified at 17 V.S.A. §2809(d), and therefore this claim is dismissed without prejudice;

7. Plaintiffs' challenge to the provisions of Act 64 that regulate political committees that make only independent expenditures is dismissed without prejudice;

8. Plaintiffs' challenge to the provisions of Act 64 that limit contributions by national to state political party affiliates is dismissed without prejudice; and

9. Defendants are herewith enjoined from enforcing the unconstitutional provisions mentioned above against the Plaintiffs.

10. Attorneys fees, costs, and expenses will be paid according to the agreement of the parties.

So Ordered:

/s/ William K. Sessions III            Date: September 26, 2007
William K. Sessions III
Chief Judge, U.S. District Court

**JUDGMENT ENTERED ON DOCKET
DATE:   09/26/2007**